*73 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff brought the instant Civil Court action to recover an alleged overpayment of child support to defendant. Defendant moved to dismiss the complaint, and the motion was granted. This appeal by plaintiff ensued.
In an earlier child support proceeding that had been brought pursuant to Family Court Act article 4, the Family Court had issued an order directing plaintiff to pay for the support of the parties’ child. A subsequent order by a Support Magistrate had terminated plaintiffs obligation to pay defendant child support pursuant to the prior order, but had not set an amount of overpayment. It does not appear from the record before us that plaintiff had sought an adjudication of the amount of overpayment, if any, in the Family Court.
Family Court Act § 439 (e) provides an expedited process whereby a party objecting to a Support Magistrate’s order may submit written objections to such order to a Family Court judge, who will then either remand factual issues to the Support Magistrate, make his or her own factual findings and issue a new order, or deny the objections. In the instant case, in the absence of any overpayment provision in the Support Magistrate’s order which terminated child support, plaintiffs remedy was, pursuant to Family Court Act § 439 (e), to object to said order in the Family Court and to ask that court to set the amount of overpayment, and not to commence an independent action in the Civil Court, which was not in a position to make its own calculation of the amount of any alleged overpayment.
Accordingly, the Civil Court properly granted defendant’s motion to dismiss the complaint.
Golia, J. (dissenting and voting to reverse the order and deny defendant’s motion to dismiss the complaint in the following memorandum). Ms. Lashley filed a motion in Family Court which sought a modification of an existing order of support, and nothing else. The Family Court granted her application to the extent of terminating the support order nunc pro tunc as of April 5, 2005. Ms. Lashley did not seek reimbursement of monies already paid, nor did the Family Court rule on the issue of reimbursement. I see no reason or legal grounds to require Ms. Lashley to seek review or modification of an order that simply did not rule on an issue that was not presented or litigated.
*74 Nevertheless, that Family Court order did create a cause of action in favor of Ms. Lashley to recover monies paid to her former husband that, as a result of the order in question, have now been found not to be due him.
I do not suggest that Ms. Lashley is entitled to reverse summary judgment, but I do find that she is entitled to prosecute her claim as a plenary action in Civil Court.
Contrary to the holding by the majority, I do not find that plaintiffs election not to seek an adjudication of the amount of overpayment in the Family Court prohibited her from access to the Civil Court especially here, where the order issued by the Family Court and the record below provide sufficient information to render a monetary judgment in Ms. Lashley’s favor.
Pesce, EJ., and Steinhardt, J., concur; Golia, J., dissents in a separate memorandum.