Henry X. Trelles, Respondent,
against
Lisette Ramos-Trelles, Appellant.




Hanna & Vlahakis (Donna Vlahakis, Esq.), for appellant.
Bruce Provda, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered June 18, 2015. The order denied defendant's motion to dismiss the complaint, or, in the alternative, for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and the branch of defendant's motion seeking to dismiss the complaint is granted.
Plaintiff, the former husband of defendant, seeks in this action to recover an alleged overpayment of child support to defendant, in the principal sum of $19,189.62. After denying liability, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), or, in the alternative, for summary judgment dismissing the complaint. Defendant appeals from an order of the Civil Court denying her motion. 
In support of her motion, defendant submitted, among other items, a copy of the judgment of divorce between the parties, entered in Supreme Court, Kings County, on November 20, 2000, pursuant to which the Supreme Court retained jurisdiction of the matter concurrently with the Family Court "with respect to any future issues of custody, visitation, maintenance and child support . . .," and a copy of Family Court Support Magistrate Israella Mayeri's order of dismissal, dated September 13, 2012, together with Support Magistrate Mayeri's findings of fact dated September 12, 2012. The findings of fact included a finding that overpayments had been withheld from the income of plaintiff herein from the period November 20, 2000 to October 30, [*2]2010; that the overpayments had been allocated towards the tuition of the parties' children; and that, as a result, plaintiff herein had overpaid tuition by $19,189.62. The order dismissed the petition for arrears that defendant herein had filed and set the arrears at $0, finding that the claim for arrears in child support, which claim was disputed by plaintiff herein, was mooted by the fact that the overpayment was much larger than the alleged arrears. 
At the time the instant action was commenced, there was still a continuing support obligation upon plaintiff, and the amount of the arrears, if any, due defendant as a setoff against plaintiff's overpayment was not determined in the Family Court Support Magistrate's order. In view of the foregoing, this dispute should properly be determined in the Family Court (see Rybakov v Konashenko, 36 Misc 3d 147[A], 2012 NY Slip Op 51634[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Lashley v Jones, 25 Misc 3d 72 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see generally Ramos v Chacon, 30 Misc 3d 145[A], 2011 NY Slip Op 50433[U] [App Term, 1st Dept 2011]), which had continuing jurisdiction (see Family Court Act § 451), despite the fact that one of the parties' children had become emancipated (see Rybakov v Konashenko, 36 Misc 3d 147[A], 2012 NY Slip Op 51634[U], *1).
Accordingly, the order is reversed and the branch of defendant's motion seeking to dismiss the complaint is granted.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017